UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Amanda Gillispie,<br>Plaintiff,<br><br>v.<br><br>Charleston County School District,<br>Defendant. | CASE NO.: 2:24-cv-04550-RMG<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to the Fair Labor Standards Act (FLSA).

2. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

3. The Defendant is a governmental entity in this judicial district and all of the events or omissions giving rise to the claim occurred in this judicial district. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

4. The Plaintiff, Amanda Gillispie, is a citizen and resident of Charleston County, South Carolina.

5. Defendant Charleston County School District, upon information and belief, is a governmental entity, and is organized and doing business in Charleston County, State of South Carolina.

6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

### STATEMENT OF FACTS

8. On or about August 1, 2023, Plaintiff began working for the Defendant as a teaching assistant. Plaintiff was efficient and effective in her work.

9. The Plaintiff was assigned to assist teacher, Karen Moore, working with non-verbal, autistic, and children with downs syndrome.

10. Beginning on day one, Plaintiff watched Ms. Moore physically holding students in their chairs, throwing children down, smacking their legs, and making them sit in front of a TV for extended periods, all of which were criminal violations.

11. On or about September 1, 2024, the Plaintiff reported to the principal, Brian Agnew, the mistreatment of children in the class she was assisting with.

12. One of the children's parents pulled their children out of the class, because she was being physically restrained.

13. The Plaintiff was removed from working with the abusive teacher, but later was put back in with Ms. Moore, because other aides had quit.

14. Over the next several months, the Plaintiff kept working with Ms. Moore until the end of the school year, despite her renewed reportings.

15. On or about May 14, 2024, the Plaintiff made a police report about the abuse. A substitute teacher had also reported abuse to Mr. Agnew, but nothing was ever done.

16. Afterwards, Plaintiff refused to go back into classroom. The district gave Plaintiff a letter stating that they would relocate her next year, and stated it was "personality differences." Plaintiff only kept working to keep the children from harm.

17. The Plaintiff had a lot of meetings with the district representatives reporting the assaults and abuses, and on June 20, 2024, was told "they would let her know if hiring back."

18. The Plaintiff worked during the summer, but was not paid from May 15, 2024 through June 11, 2024.

19. On or about June 26, 2024, Plaintiff received a phone call stating her last day at work was June 11, 2024, and she was terminated as of that date.

20. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to her termination.

21. The Plaintiff asserts that the reasons given for her termination and owed wages were a mere pretext for the Plaintiff's reports of abuse to the children in Ms. Moore's classroom.

22. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment retaliation as alleged above.

23. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

24. The acts and conduct of Defendant set forth above were against public policy and were conducted in bad faith.

25. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## South Carolina's Whistleblower Protection Act

26. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

27. The Defendant is a "public body" as defined by the Code of Laws of South Carolina, §8-27-10(1), as amended, in that it is a department of the State; a state board, commission, committee, agency, or authority; a public governmental body or political subdivision of the State, including counties, municipalities, school districts or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions.

28. The Plaintiff was an "employee" as defined by the Code of Laws of South Carolina, §8-27-10(2), as amended, in that she is an employee of a department of the State; a state board, commission, committee, agency, or authority; a public governmental body or political subdivision of the State, including counties, municipalities, school districts or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions.

29. The Plaintiff was guaranteed the opportunity to maintain employment without retaliation for filing a report of wrongdoing; disciplinary action for unfounded or bad faith report or mere technical violation; reward for report resulting in savings; State Employee Suggestion Program not superseded as defined by the Code of Laws of South Carolina, §8-27-20, §8-27-30, §8-27-40 and §8-27-50 as amended.

30. The Plaintiff has exhausted all available grievance or other administrative remedies as the Defendant has refused to conduct the final step in the process.

31. The Defendant retaliated against the Plaintiff, an "employee," for making reports of wrongdoings to the Defendant as prohibited by the Code of Laws of South Carolina, §8-27-20, §8-27-30, §8-27-40 and §8-27-50 as amended by creating a hostile work environment for the Plaintiff with the Defendant and ultimately terminating the Plaintiff's employment with the Defendant.

32. The Defendant's termination, preferential treatment and inappropriate behavior as set forth aforesaid constituted retaliation against the Plaintiff due to her reports of wrongdoings.

33. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include reinstatement to her former position, lost wages, actual damages, attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
## Wrongful Discharge in Violation of Public Policy

34. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

35. That the unjust wrongful discharge and termination of Plaintiff's employment with the Defendant were the response of the Defendant, its agents and servants, to Plaintiff's refusal to allow improper and illegal practices of the business due to Defendant's disregard the proper treatment of its disabled students, and not to allow the teachers to abuse the students.

36. That the aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

37. That the aforesaid wrongful discharge of Plaintiff's employment by the Defendant, its agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

38. That as a direct and proximate result of the aforesaid conduct of the Defendant, its agents and servants, Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

## FOR A THIRD CAUSE OF ACTION
## Violation of South Carolina Payment of Wages Act

39. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

40. The Defendant wrongfully withheld the Plaintiff's wages, and the Defendant should be required to pay the Plaintiff for all wages owed to her, plus interest.

41. The Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact, also because the damages relate to wages owed to her, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney's fee and costs.

## FOR A FOURTH CAUSE OF ACTION
## Violation Of Fair Labor Standards Act

42. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

43. The Plaintiff was working for the Defendant and accrued earned wages.  The Defendant has failed and continues to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

44. The Plaintiff is informed and believes that the Defendant was unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

45. As a direct and proximate result of the acts, omissions, and practices of the Defendant, the Plaintiff sustained a loss of income and wages.

46. The Plaintiff was also terminated in retaliation for complaining about not getting paid her wages, in violation of the anti-retaliation provisions in the Fair Labor Standards Act.

47. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff is informed and believes she is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant for past wages, commissions and any other work benefits she lost in an amount to be determined by the trier of fact, and treble damages and attorney's fees and costs; and

4. Judgment against the Defendant for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

**WIGGER LAW FIRM, INC.**

*s/Jarrel L. Wigger*
Jarrel L. Wigger (Fed. ID# 6345)
8086 Rivers Avenue, Ste A
North Charleston, SC  29406
(843) 553-9800
Attorney for Plaintiff

North Charleston, South Carolina
This 20th day of August 2024.