# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Amanda Gillispie,<br><br>　　　　Plaintiff,<br>　v.<br><br>Charleston County School District,<br><br>　　　　Defendant. | Case No. 2:24-cv-4550-RMG<br><br>**ORDER AND OPINION** |

Before the Court is Defendant's motion for summary judgment (Dkt. No. 31). For the reasons stated below, the Court grants Defendant's motion.

## Background

Plaintiff, formerly employed by Defendant as a teacher's aide, alleges that she was discharged from employment in retaliation for making oral reports to her principal and other school district officials that the teacher with whom she was working physically abused her handicapped students. Plaintiff alleges that Defendant withheld wages she was entitled to from May 15, 2024, through June 11, 2024. (Dkt. No. 23 at ¶¶ 12-29).

Plaintiff alleges violation of the South Carolina Whistleblower Protection Act, violation of the South Carolina Payment of Wages Act, violation of the Fair Labor Standards Act, violation of the Americans with Disabilities Act, and retaliation under the ADA.

Record evidence, viewed in a light most favorable to Plaintiff, the nonmoving party, establishes the following. Plaintiff was offered and accepted a 190-day position with Defendant that lasted from about August 16, 2023, to June 11, 2024. (Dkt. No. 31-2) (offer letter); (Dkt. No. 31-3 at 16) (Plaintiff deposition testimony to this effect). Plaintiff's pay history confirms she received "her first paycheck on September 29, 2023, including a retroactive paystub on September

1

29, 2023, and a paystub for every pay period of the District through August 1, 2024." (Dkt. No. 31-1 at 3); (Dkt. No. 31-9) (full check history).

On May 1, 2024, Defendant issued a FY25-Letter of Intent to Plaintiff for future employment. (Dkt. No. 31-14) (Certificate of Completion from DocuSign). The LOI was voided because Plaintiff did not sign the LOI by May 15, 2024. (*Id.*).

Defendant moved for summary judgment. (Dkt. Nos. 31, 35). Plaintiff filed a response in opposition. (Dkt. No. 34).

Defendant's motion is ripe for disposition.

**Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, Inc., 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

**Discussion**

The Court begins with Plaintiff's FLSA claim. 29 U.S.C. §§ 201 et seq. Plaintiff has "the burden of establishing the hours [s]he claims to have worked and the work [s]he claims to have performed for which he was not paid." *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 737 (D. Md. 2005), *aff'd*, 247 F. App'x 430 (4th Cir. 2007) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); *Turner v. Human Genome Science, Inc.,* 292 F.Supp.2d 738, 748 (D. Md. 2003)). Only after the employee produces evidence does the burden shift to the employer to negate it, and only if the employer cannot negate the evidence may the claim proceed. *Id.*

Defendant contends, citing record evidence, that Plaintiff was paid for all hours worked. By contrast, in opposing Defendant's motion, Plaintiff cites no record evidence. *See, e.g.*, (Dkt. No. 34 at 4. Instead, Plaintiff states in full that she "complained about not being paid but her complaints were ignored. The Defendant's actions are in violation of the South Carolina Payment of Wages Act South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended." (*Id.*).

The Court grants Defendant's motion on this point.

During her deposition, Plaintiff admitted she was paid for all hours worked but may not have been paid for (1) orientation or (2) from May 15 through July 2024. *See* (Dkt. No. 31-3 at 12, 64) (Plaintiff denying she went "several months" without being paid); (*Id.*) (testifying Plaintiff was not paid for having to watch "a video" for about "four to five hours"). But Defendant submitted a full log of checks made to Plaintiff which indicates payment was paid for said orientation. *See* (Dkt. No. 31-9 at 2) (log of checks made to Plaintiff).

Further, Defendants submitted a copy of Plaintiff's Kronos Log, which shows when Plaintiff clocked into and out of work. This log shows Plaintiff's last day of work was May 16, 2024. Put differently, Plaintiff did not come to or sign into work after said date. (Dkt. No. 31-8 at 47-54). Plaintiff puts forth no argument or evidence to dispute this document or the fact she stopped working on May 16, 2024. Relatedly, during her deposition, Plaintiff admitted that her contract ended on June 11, 2024. (Dkt. No. 31-3 at 63).

The Court grants Defendant summary judgment on Plaintiff's FLSA claim. Plaintiff has put forth no evidence that Defendant failed to pay her wages that she was owed for work performed. By contrast, Defendant put forth evidence establishing Plaintiff was paid for all work she completed. In sum, no question of material fact exists on this issue, and Defendant is entitled to summary judgment on Plaintiff's FLSA claim.

For the identical reason—that Plaintniff *was* paid for all time worked—the Court grants Defendant summary judgment on Plaintiff's South Carolina Payment of Wages Claim. *See* S.C. Code Ann. § 41-10-40 ("Every employer in the State shall pay all wages due at the time and place designated as required by subsection (A) of Section 41-10-30.").

Next, the Court considers Plaintniff's South Carolina Whistleblower Act claim. "The Whistleblower Act provides a remedy to an 'employee' of a 'public body' who is retaliated against because he reports, exposes or testifies to wrongdoing, waste or corruption by the 'public body' or by employees or officials of the 'public body.' " *Introini v. S.C. Nat. Guard*, 828 F. Supp. 391, 396 (D.S.C. 1993). Plaintiff alleges her termination resulted from her reporting that teacher Karen Moore physically abused children. (Dkt. No. 23 at 2-4).

The Court grants Defendant summary judgment on this claim. As noted above, the record evidence shows Plaintiff was hired for a 190-day appointment for which she was paid all wages.

Further, the record shows Plaintiff was offered but did not sign the LOI for Fiscal Year 2025. In opposition, Plaintiff ignores the above evidence and cites only to her complaint's allegations. Such argument does not suffice to defeat a motion for summary judgment. *See* (Dkt. No. 34 at 3-4) (stating Plaintiff's "factual allegations are set forth in paragraphs eleven through thirty-two of her Complaint" and that her "allegations satisfy the South Carolina Whistleblower Act pleading standard"). Accordingly, the Court grants Defendant summary judgment on said claim.

Plaintiff's final claims are for violation of the Americans with Disabilities Act and retaliation under the ADA. As to violation of the ADA, Plaintiff alleged she was a member of a protected group because she reported the abuse of a disabled student and Defendant terminated her for engaging in protected activity (namely, her reporting the abuse of a disabled student). (Dkt. No. 23 at 5). As to retaliation under the ADA, Plaintiff alleges she was terminated for reporting the abuse described above. (*Id.* at 6).

Defendant moved for summary judgment on both of Plaintiff's ADA claims. (Dkt. No. 31-1 at 14-17). Plaintiff, for her part, did not file any opposition to Defendant's motion on these points. *See* (Dkt. No. 34).

"To establish a claim for disability discrimination under the ADA, a plaintiff must prove '(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [her employer] discharged her (or took other adverse employment action) because of her disability.' " *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 572 (4th Cir. 2015)

The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a). "In order to prevail on a claim of retaliation, a plaintiff must either offer sufficient direct and indirect evidence of retaliation, or proceed under a burden-shifting method." *Rhoads v. FDIC*, 257 F.3d 373, 391 (4th

Cir. 2001); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Court grants Defendant summary judgment on Plaintiff's ADA claims. Plaintiff does not claim to have a disability under the ADA or argue that she is a qualified individual. Further, Plaintiff was not rehired because she failed to sign the LOI for FY-25. At bottom, Defendant is entitled to summary judgment on both of Plaintiff's ADA claims.

## Conclusion

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment in its entirety. (Dkt. No. 31).

                                               _s/ Richard Mark Gergel_
                                               Richard Mark Gergel
                                               United States District Judge

December 5, 2025
Charleston, South Carolina